**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| PATRICK C. SHALTRY, I, | Case No. 1:25-cv-13704 |
| *Plaintiff,* | F. Kay Behm<br>United States District Judge |
| *v.* | |
| BRENT BENZING, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

## ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS (ECF Nos. 29, 30, 31, 32, 34), STRIKING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 41), AND GRANTING TIME TO PROPERLY SERVE DEFENDANT MATT REYES

## I.     INTRODUCTION

For the following reasons, the Court will **DENY** Plaintiff's motions for sanctions and to strike (ECF Nos. 29, 30, 31, 32, 34).[1]  Plaintiff's motion for default judgment (ECF No. 41) will be **STRICKEN**.  Plaintiff will be given forty-five (45) days from the date of this order to properly serve Defendant Matt Reyes and file with the Court a return of service or other documentation showing proper service.

---

[1] The Court construes ECF No. 29 as a motion to strike.  (ECF No. 29, PageID.603 ("Plaintiff further moves to strike all references to Plaintiff as 'convicted' under Fed. R. Civ. P. 12(f) because such statements are false, misleading, and prejudicial.")).  Similarly, the Court construes ECF No. 32 as a motion.

1

## II.    OPINION

### A.    Background

Plaintiff was previously charged in Michigan state court with multiple counts of criminal sexual conduct (CSC) in the second degree pursuant to Mich. Comp. Laws § 750.520c(1)(b) and one count of misdemeanor domestic violence pursuant to Mich. Comp. Laws § 750.81.    (ECF No. 1, PageID.145; ECF No. 19, PageID.369).  A jury acquitted Plaintiff of the CSC charges and found him guilty of only misdemeanor domestic violence; Plaintiff is currently appealing his conviction in the Michigan Court of Appeals.  (ECF No. 19, PageID.370).  Plaintiff now brings numerous claims against several Defendants, all of whom were involved with the criminal proceedings (including the judge, prosecutors, investigating detective, his attorney, and probation agents who prepared his pre-sentence investigation report (PSI)) for alleged violations of his constitutional rights, the Americans with Disabilities Act (ADA) and the Rehabilitation Act, Michigan state laws, and more. Further facts will be discussed as necessary below.

Since initiating this lawsuit last November, Plaintiff has filed numerous responses and motions relating to pending motions to dismiss.  (ECF Nos. 29–35). He has also filed a motion for default judgment against Defendant Matt Reyes.  (ECF No. 41).  Plaintiff's motions are now ready for determination.

### B.    Analysis

> **1.      Motions against Defendants Furst and King (ECF Nos. 29, 30, 31, 32, 34)**

Plaintiff has filed multiple motions requesting the Court to strike Furst and King's pending motion to dismiss and to sanction them.  (ECF Nos. 29–32, 34).  His main contention is that Furst and King "repeatedly and knowingly misrepresent[ed] Plaintiff as 'convicted' despite clear controlling law establishing that Plaintiff has **no final conviction** and is **presumed innocent** while his appeal of right remains pending."  (*E.g.*, ECF No. 31, PageID.620 (emphasis in original)).  Because his appeal of right is still ongoing, Plaintiff contends that, as a matter of law, he has not been "convicted."  (*Id.*).

In support, Plaintiff appears to quote several cases that, upon review, appear to be AI hallucinations.[2]  (*See* ECF No. 29, PageID.605–06).  For example, Plaintiff cites *People v. Swafford*, 762 N.W.2d 902, 904–05 (Mich. 2009), and attributes this quote to the case: "A conviction is not final until the completion of the direct appeal."  Although this case is real, the asserted quote is found nowhere within the case.  The closest the cited case comes to Plaintiff's proposition actually cuts the other way— that the defendant was convicted, notwithstanding that the conviction may later be overturned on appeal.  *See Id.* at 905 n.5 ("Accordingly, the trial court did not have proper jurisdiction to bring defendant to trial *or convict* defendant.").  Thus, although

---

[2] AI "hallucinations" are instances where AI programs make stuff up.  *See Hunt v. Morissette*, No. 24-cv-12947, 2025 WL 1660358, at *1 (E.D. Mich. June 11, 2025).

the trial court did not have jurisdiction, defendant was still *convicted*.  Plaintiff also

cites *People v. Kennedy*, 917 N.W.2d 355, 366 (Mich. 2018), and falsely attributes

this quote to the case: "A judgment is not final while an appeal of right remains

pending."  This quote also appears nowhere in the opinion.  Finally, Plaintiff cites

"*People v. Smith*, 489 Mich. 292, 311 (2011)" for the alleged quote, "A conviction

pending on direct appeal is not a final adjudication."  The Court has been unable to

find this case at all.  This is not a full accounting of Plaintiff's troubling misquotes,

false quotes, and false citations, which continue throughout his briefs and motions.[3]

Contrary to Plaintiff's miscited authority, regardless of whether Plaintiff's

appeal is final or not, he has been "convicted" of domestic violence, as Furst and

King's motion states.  (*See* ECF 1-1, PageID.145; ECF No. 1-2, PageID.225).  *See

also* Convict, Black's Law Dictionary (12th ed. 2024) ("To prove or officially

announce (a criminal defendant) to be guilty of a crime after proceedings in a law

court; specif., to find (a person) guilty of a criminal offense upon a criminal trial, a

plea of guilty, or a plea of nolo contendere (no contest).").  Michigan Supreme Court

caselaw also shows Plaintiff remains convicted regardless of the pendency or nature

of his appeal:

---

[3] *See also* ECF No. 38, PageID.674, which purports to cite "*Savin v. City of Cleveland*, 2022 WL 3715087 (6th Cir. 2022)."  The Westlaw citation leads to a brief filed in the Fourth Circuit case *United States v. Lynch*, No. 22-6680.  The Court was unable to find a case with the same name as the one Plaintiff purportedly relies on.

> There is no federal constitutional right to an appeal.  However, the perception of appeal as the opportunity to finally determine a convicted defendant's guilt or innocence is one source of the rule of abatement ab initio.  Despite this perception, it is well established in the federal system that, once convicted, a criminal defendant is no longer presumed innocent.  Art. 1, § 20 of the Michigan Constitution does provide for an appeal of right from a criminal conviction.  Even given this appeal of right, a criminal conviction in Michigan also destroys the presumption of innocence.  A convicted criminal defendant must prove error requiring reversal.
>
> .  .  .
>
> We take this opportunity to clarify our position on abatement ab initio. Where a defendant dies pending an appeal of a criminal conviction, we hold that the appeal should be dismissed, *but the conviction retained. The conviction of a criminal defendant destroys the presumption of innocence regardless of the existence of an appeal of right.*  We therefore find that it is inappropriate to abate a criminal conviction.

*People v. Peters*, 537 N.W.2d 160, 162–63 (Mich. 1995) (emphasis added).

So, although Plaintiff's conviction for misdemeanor domestic violence may someday be reversed or invalidated on appeal, he is currently convicted and there is thus nothing false or inaccurate in King and Furst's use of the word "convicted" to describe the outcome of Plaintiff's criminal trial.  The Court thus **DENIES** Plaintiff's motions to impose sanctions against Furst and King.  (ECF Nos. 29, 30, 31, 32, 34).[4]

What is more troubling is Plaintiff's repeated inclusion of false quotations and citations in his filings.  Whether these references were generated by AI or not,

---

[4] As explained in a prior footnote, the Court construes ECF Nos. 29 and 32 as motions and now **DENIES** them.

Plaintiff is subject to Federal Rule of Civil Procedure 11 and is therefore responsible for the accuracy of all facts and law contained in his filings. *Accord Whiting v. City of Athens*, No. 25-5424, 2026 WL 710568, at *4 (6th Cir. Mar. 13, 2026) ("[N]o brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that a lawyer has not personally read and verified." (quotations omitted)). Nor does his *pro se* status alleviate him of his duties under Rule 11. *See Ali v. IT People Corp., Inc.*, No. 25-cv-10815, 2025 WL 2682622, at *2–*3 (E.D. Mich. Sept. 19, 2025) (imposing sanctions on *pro se* party for AI generated misrepresentations). Plaintiff is hereby **CAUTIONED** that further misrepresentations of fact or law will result in a recommendation for sanctions.

## 2. Motion for Default Judgment (ECF No. 41)

On March 16, the Court issued an order to show cause why Plaintiff's claims against Defendants Matt Reyes and Donna Collins should not be dismissed for failure to timely serve them. (ECF No. 37). On March 19, Plaintiff filed two documents purporting to show that the summons and amended complaint were served on Defendant Matt Reyes. (ECF Nos. 39, 40).

The same day, Plaintiff filed a motion for default judgment against Reyes. (ECF No. 41). Plaintiff first asserts that "[t]he Clerk has entered Defendant's default

under Rule 55(a)." (*Id.* at PageID.690).  However, he goes on to request that the

Clerk enter default against Reyes.  (*Id.* at PageID.697).

"An entry of default and a default judgment are distinct concepts which must

be treated separately." *SGA Global, LLC v. Surface Coatings Co.*, No. 07-cv-10332,

2007 WL 2897847, at *1 (E.D. Mich. Sept. 26, 2007) (quotation omitted).  Entry of

default by the clerk is a prerequisite to entry of default judgment.  *Id.*  The Sixth

Circuit has held

> it was procedurally improper for Plaintiff to move for entry of default
> judgment without first obtaining an entry of default from the clerk.  *See*
> *Heard v. Caruso*, 351 Fed. Appx. 1, 15–16 (6th Cir.2009) (holding that
> because Plaintiff "did not first seek entry of a default from the clerk of
> the court, it was procedurally improper for [Plaintiff] to move for entry
> of a default judgment"); *Shepard Claims Serv., Inc. v. William Darrah*
> *& Assocs.,* 796 F.2d 190, 193 (6th Cir.1986) ("entry of default is just
> the first procedural step on the road to obtaining a default judgment");
> *see also* 10A Charles Alan Wright et al., *Federal Practice and*
> *Procedure* § 2682 ("Prior to obtaining a default judgment under either
> Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as
> provided by Rule 55(a)).").

*Devlin v. Kalm*, 493 F. App'x 678, 685–86 (6th Cir. 2012); *see also Browder v.*

*Myers*, No. 21-cv-2269, 2023 WL 3467470, at *1 (N.D. Ohio Apr. 24, 2023)

(explaining two-step process for obtaining default and default judgment).

Although Plaintiff declares default has been entered by the Clerk, the record

makes clear it has not been.  Therefore, Plaintiff's motion for default judgment (ECF

41) is **STRICKEN** as improper.  *SGA Global*, 2007 WL 2897847, at *2.

Moreover, even if it was not improper—*i.e.*, if a default had already been entered by the Clerk—the Undersigned would recommend denying Plaintiff's motion. In response to the Court's show cause order, Plaintiff filed a summons and complaint return of service. (ECF No. 40). The first page shows the actions Plaintiff took to serve Defendant Matt Reyes with the summons and complaint. (*Id.* at PageID.683). This page states: "I personally served the summons on the individual at Reyes & Bauer office on 12-15-25; or I left the summons at the individual's residence or usual place of abode with Secretary Dana Counter Reccp. [(receptionist)], a person of suitable age and discretion who resides there on 12-15-25, and mailed a copy to the individual's last known address." (*Id.*). The return of service shows that Defendant Reyes was not properly served.

Federal Rule of Civil Procedure 4(e) allows for serving a summons by (1) delivering a copy to the individual personally; (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) delivering a copy to an agent authorized by appointment or by law to receive service of process; or (4) by following state law. In addition to delivering the summons personally, Michigan Court Rule 2.105(A) allows service through "registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant

acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service . . . ."

Plaintiff's filing in response to the Court's show cause order did not comply with any of the above rules.  Reyes was not served personally when the summons was left with a receptionist at his office; his office is not his dwelling or usual place of abode; and there is no evidence indicating "Dana" has authority to accept service on Reyes' behalf.  "Defendant's office is patently not his dwelling or usual place of abode—it is his work space.  And, service upon a receptionist that is not an agent of the defendant is not personal service." *Sallaj v. Steinger, Green & Feiner LLP*, No. 24-cv-1266, 2025 WL 4234069, at *2 (M.D. Tenn. Dec. 12, 2025) (citation modified); *see also Anderson v. Clinton Twp. Police Dep't*, No. 18-cv-11291, 2018 WL 5541160, at *3 (E.D. Mich. Sept. 12, 2018) (finding even if a defendant has actual notice of a lawsuit, "without proper service the court has no jurisdiction to take any action over the defendant, including entering a default").

A court must extend the time for service if the plaintiff shows good cause for the delay, but ignorance of the rules is insufficient to establish good cause. *Moore v. Lee*, No. 23-cv-196, 2024 WL 4843968, at *2 (E.D. Tenn. Nov. 20, 2024). However, even absent good cause, a court may extend the time to serve, considering the following seven factors:

> (1) whether an extension of time would be well beyond the timely service of process;

9

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* (quoting *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022)).

Here, Plaintiff has not shown good cause to extend the time for service; he failed to properly serve Reyes, and his ignorance of the rules does not establish good cause. Nevertheless, the Court finds several factors weigh in his favor to extend the time for service. First, an extension of time would not be well beyond the timely service of process as this case was filed only four months ago. Second, there is no prejudice for Reyes beyond defending the lawsuit. Third, it is likely Reyes had actual notice of the lawsuit as the summons was delivered to his office, even though this was insufficient to properly serve him. Fourth, Plaintiff did attempt to serve Reyes, although insufficient, and he quickly responded to this Court's show cause order listing his efforts to effectuate service. And fifth, Plaintiff is *pro se* and will be given some extra latitude under the facts presented here. Therefore, Plaintiff will

10

be given forty-five (45) extra days from the date of this order to properly serve Defendant Reyes. *Id.* at *4.

###### D. Conclusion

For these reasons, the Court will **DENY** Plaintiff's motions for sanctions and to strike (ECF Nos. 29, 30, 31, 32, 34). Plaintiff's motion for default judgment (ECF No. 41) is **STRICKEN**. **Plaintiff is given forty-five (45) days from the date of this order to properly serve Defendant Matt Reyes and file with the Court a return of service showing proper service**. The summons is extended to include the additional 45 days. Failure to do so will result in a recommendation to dismiss the claims against Defendant Reyes. *See Moore v. Lee*, No. 23-cv-196, 2025 WL 745596, at *3 (E.D. Tenn. Mar. 7, 2025) (dismissing defendants for failure to serve).

**IT IS SO ORDERED**.

Date: March 27, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

11