UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK C. SHALTRY, I,

         *Plaintiff,*

v.

DONNA COLLINS, et al.,

         *Defendants.*

_____/

Case No. 1:25-cv-13704

F. Kay Behm
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## TO DISMISS UNSERVED DEFENDANTS

**I.     RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Defendant Donna Collins and "stand-alone entity" be **DISMISSED** for Plaintiff's failure to effect service pursuant to Fed. R. Civ. P. 4(m).

**II.    REPORT**

Plaintiff was previously charged in Michigan state court with multiple counts of criminal sexual conduct (CSC) in the second degree pursuant to Mich. Comp. Laws § 750.520c(1)(b) and one count of misdemeanor domestic violence pursuant to Mich. Comp. Laws § 750.81. (ECF No. 1, PageID.145; ECF No. 19, PageID.369). A jury acquitted Plaintiff of the CSC charges and found him guilty of misdemeanor domestic violence; Plaintiff is currently appealing his conviction in

1

the Michigan Court of Appeals.  (ECF No. 19, PageID.370).  Plaintiff brought numerous claims against several Defendants, all of whom were involved with the criminal proceedings.[1]  (*Id.*).

On March 16, 2026, the Undersigned ordered Plaintiff to show cause on or before April 6, 2026, why his claims against Donna Collins, "stand-alone entity," and Matt Reyes should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to timely serve them and failure to prosecute.  (ECF No. 37).  As to Defendant Matt Reyes, on March 19, Plaintiff filed two documents purporting to show that the summons and amended complaint were served on him.  (ECF Nos. 39, 40).  However, the return of service showed that Defendant Reyes was not properly served.  Therefore, the Court granted Plaintiff time to properly serve Defendant Matt Reyes, and he has now appeared and answered the complaint.  (ECF Nos. 43, 46, 47).

As to Defendants Donna Collins and "stand-alone entity," Plaintiff has not responded to the Court's order to show cause.  Therefore, the Undersigned recommends **DISMISSING** Defendants Donna Collins and "stand-alone entity" from the case for failure to serve and failure to prosecute.  *See Moore v. Lee*, No. 23-cv-196, 2025 WL 745596, at *3 (E.D. Tenn. Mar. 7, 2025) (dismissing defendants

---

[1] The Court previously adopted the Undersigned's recommendation to grant many of the Defendants' motions to dismiss and dismissed them from the case.  (ECF Nos. 44, 45).  If the Court adopts this recommendation, the only remaining Defendant will be Matt Reyes.

for failure to serve); *Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465 (E.D. Mich. 2023) (explaining good cause for failure to serve and dismissing unserved defendants).

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains.

3

Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 13, 2026

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

4