UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK C. SHALTRY,

      Plaintiff,

v.

DONNA COLLINS, *et al.*,

      Defendant.

_____/

Case No. 25-13704

F. Kay Behm
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING THE
MAGISTRATE JUDGE'S MAY 13, 2026, REPORT AND
RECOMMENDATION (ECF No. 49), DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (ECF No. 50), DENYING
PLAINTIFF'S MOTION TO STAY (ECF No. 50-1), AND DENYING
<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE (ECF No. 51)</u>**

Several matters are before the court.  The first is Magistrate

Judge Morris's March 27, 2026 Report and Recommendation.  (ECF No.

44).  Magistrate Judge Morris recommends that Defendants Donna

Collins and "stand-alone entity" be dismissed for Plaintiff's failure to

effect service pursuant to Fed. R. Civ. P. 4(m).  Defendant filed several

documents subsequent to that report and recommendation, but neither

document is clearly labeled as objections to the present report and

recommendation, and neither document is fairly construed as such.  *See*

ECF No. 50 (motion for reconsideration of the order at ECF No. 45), ECF No. 51 (motion for leave to file "constitutional" motion).  The court is fully advised in the premises and has reviewed the record and the pleadings.  The court notes that Plaintiff Shaltry is an e-filer and so was electronically served with the report and recommendation on the date it was filed.  *See* Fed. R. Civ. P. 5(d)(3)(B), 5(b)(2)(E) (paper is properly served by sending it to a registered user by filing it with the court's electronic-filing system); *see also* E.D. Mich. Electronic Filing Policies and Procedures R1(e), R16(a).  The court also notes that Judge Morris' report and recommendation set out a clear warning that he must label any objections as an "objection" in order to invoke this court's review. ECF No. 49, PageID.769.  "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The court nevertheless agrees with the Magistrate Judge's recommended disposition on the grounds stated in that report and recommendation. The court will accept and adopt the Report and Recommendation (ECF

No. 49) and dismiss Defendant Collins and Defendant "standalone entity" from this matter.

The court notes that, in an attachment to another motion, Plaintiff argued for a stay of proceedings and that he "intends to be able to answer the Hon. Magistrate[']s possible new report and recommendation" at a later point, which appears to argue for an extension of the deadline to file objections to this second report and recommendation.  But the filing of a motion to stay (ECF No. 50-1), alongside a motion for reconsideration (ECF No. 50) was proof that Plaintiff was capable of filing objections, although those objections still would have been untimely had they been filed with those documents. Plaintiff was on notice of the 14-day deadline for objections.  ECF No. 49, PageID.769.  And as will be explained later, the court rejects Plaintiff's substantive arguments for seeking a stay of these proceedings.  Therefore, any objections Plaintiff "intended" to file later are untimely and Plaintiff has shown no excusable neglect to extend the deadline.  *See* Fed. R. Civ. P. 6(b)(1)(B).

Second, Plaintiff filed a motion for reconsideration (ECF No. 50) of this court's order (ECF No. 45) accepting and adopting the Magistrate

3

Judge's prior report and recommendation (ECF No. 44).  The court's order dismissed, on the Magistrate Judge's recommendation, many of the defendants in this matter.  ECF No. 45.  Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (B) an intervening change in controlling law warrants a different outcome, or (C) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.  E.D. Mich. L.R. 7.1(h)(2).  "Motions for reconsideration of non-final orders are disfavored."  *Id.*  They "must" be filed within 14 days after the entry of the order to be reconsidered.  *Id.*

Notably, a motion for reconsideration, much like a motion to alter or amend a judgment, is not for the purpose of "proffer[ing] a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue."  *McConocha v.*

4

*Blue Cross Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).  Nor is it an appropriate vehicle for raising new facts or arguments.  *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration").  "It is an exception to the norm for the Court to grant a motion for reconsideration."  *Maiberger v. City of Livonia,* 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

First, the motion is plainly untimely, because it was filed on May 21, 2026, more than 14 days after the entry of the court's order on April 13, 2026.  ECF Nos. 50, 45.  Plaintiff offers no serious explanation for this significant delay.  ECF No. 50, PageID.772 (Plaintiff "submits no other reason than handicap and very respectfully asks the grace of the court.").[1]  The motion is denied on that basis.  *See Jourdan v. Jabe,* 951

---

[1] In an attachment, which is labeled as a separate filing and therefore need not be considered on this motion (*see* E.D. Mich. LR 7.1(d)(1)(A)), Plaintiff makes additional arguments that relate to the timeliness issue.  ECF No. 50-1, PageID.780.  However, his conclusory statements that he is a "disabled pro se litigant" and "faces substantial barriers that represented parties do not" do not explain why, specifically, he could not 1) file objections to the Magistrate Judge's March 27, 2026 report and recommendation (ECF No. 44), or 2) file a timely motion for reconsideration of the court's April 13, 2026 order (ECF No. 45).  Those undeveloped arguments are rejected because they do not explain excusable neglect for missing the above deadlines.  Fed. R. Civ. P. 6(b)(1)(B).  His later arguments

F.2d 108, 110 (6th Cir. 1991) (the relaxed pleading standards for pro se litigants do not apply to "readily comprehended court deadlines").  And on the merits, Plaintiff's stated reasons do not suffice to reconsider that earlier order.  The only mistake he alleges is that he says the court erred by ruling before considering his motion to stay pending resolution of his state court proceedings.  However, although he refers to such a motion several times, no such motion was pending at the time the court ruled.[2]  Second, as far as his motion for reconsideration itself could be construed to argue that the court should have stayed these proceedings before ruling, his arguments would still fail because he does not explain excusable neglect for his failure to object to the earlier report and recommendation in the first instance.  *Supra* note 1; *see* ECF No. 45, PageID.752 (noting his failure to object and resultant waiver of district court review); *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641

---

that he was "cognitively unable" to respond to the report and recommendation and "sometimes" cannot type or write because his "arms and hands tremble" is more specific, but still does not account for the substantial delay in filing this motion (more than five weeks after entry of this court's order).  So that too fails to explain excusable neglect for missing the deadline by such a wide margin, and in particular where he still does not provide any substantive objections to the points raised in that report and recommendation.

    [2] Plaintiff did include a "motion to stay" (ECF No. 50-1) as a standalone document that was filed in combination with his motion for reconsideration.  The court addresses that motion procedurally and on the merits below.

(E.D. Mich. 2011) ("[A] motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing."). So the motion for reconsideration is denied.

Relatedly, Plaintiff also filed an attachment to his motion for reconsideration, which was labeled a "Motion to Stay" these proceedings pending the outcome of his state court appeal. ECF No. 50-1. This was improperly filed, and is denied on that basis. *See* E.D. Mich. LR 7.1(i), 5.1(e) ("Motions must not be combined with any other stand-alone document."). However, because the substantive arguments in Plaintiff's motion to stay (ECF No. 50-1) are intertwined with the matters addressed here, the court feels it prudent to address those points on the merits. Plaintiff's arguments are predicated on the idea that his state court misdemeanor conviction is not final while he pursues an appeal of in state court, and therefore this matter should be stayed pending that appeal, but both the Magistrate Judge and this court have already rejected this point. ECF No. 44, PageID.744 (holding that Plaintiff's "claims [are] barred by *Heck v. Humphry*, 512 U.S. 477 (1994), as the underlying falsity Plaintiff alleges would imply the invalidity of his

conviction, which has not been reversed, expunged, or declared invalid."); ECF No. 45 (accepting and adopting the report and recommendation).  Plaintiff's citation to *Wallace v. Kato*, 549 U.S. 384 (2007) is inapposite.  That case held that "[i]f a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  *Wallace*, 549 U.S. at 393-94.  But "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal[.]"  *Id.* at 394.  The latter situation, not the former, controls here.  A jury acquitted Plaintiff of CSC charges but found him guilty of misdemeanor domestic violence (ECF No. 19, PageID.370); his conviction for domestic violence is valid until and unless it is overturned or otherwise invalidated.  As Judge Morris has held in this case, "Plaintiff remains convicted regardless of the pendency or nature of his appeal[.]"  ECF No. 43, PageID.713.[3]  So

---

[3] Judge Morris also noted Plaintiff's "troubling" pattern of misquotes, false quotations, and false citations throughout his briefs.  This court likewise notes that in his briefing, Plaintiff stated the following proposition: "The Sixth Circuit likewise holds that a conviction **on appeal is not final**. *Parris v. Pappas*, 844 F.3d 172 (6th Cir. 2016)."  ECF No. 50, PageID.774 (emphasis in original).  But that citation does

his motion to stay (ECF No. 50-1) would be denied even if it had been properly filed.  And as far as these arguments form the substantive basis of Plaintiff's motion for reconsideration, they fail in that motion as well for the reasons explained.

The court concludes by noting that Plaintiff stated that he "did not seek concurrence from Defendants" under E.D. Mich. LR 7.1(a) for any of his current motions.  ECF No. 50-1, PageID.778; ECF No. 51, PageID.784.  On that independent basis as well, all are denied.  Local Rule 7.1(a) requires that the movant "confer with the other parties . . . in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention[.]"  For violating that rule, the court "may impose sanctions," including "taxing costs and attorney's fees, denying the motion, and striking the filing."  E.D. Mich. LR 7.1(a)(3).

---

not exist.  The reporter leads to a Third Circuit case with a different title and having nothing to do with the issues presented, while a search for "Parris v. Pappas" turned up only a series of opinions from a District of Connecticut case, but again the subject matter appears to have nothing to do with this case.  The court notes and refers this misrepresentation to the Magistrate Judge to consider in conjunction with all of Plaintiff's briefings, and her previous warning, as this case progresses.  *See* ECF No. 43, PageID.715.

This once, the court has also addressed the matter on the merits, but in the future this requirement may be enforced with the effect of summarily striking or denying the offending filing.

In sum: the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 49), and **DISMISSES** Defendant Collins and Defendant "standalone entity" from this matter without prejudice. Plaintiff's motion for reconsideration of ECF No. 45 (ECF No. 50) is **DENIED**. The court **DENIES** Plaintiff's motion to stay (ECF No. 50-1) because it was a standalone motion combined with another standalone document, in contravention of E.D. Mich. LR 7.1(i) and 5.1(e), and because it lacks merit. Defendant's state court conviction is final for purposes of *Heck* until or unless it is invalidated in some way. The court has also reviewed Plaintiff's motion for leave to file a "constitutional motion" that, in his words, requires no factual development (ECF No. 51), and for purposes of docket efficiency, **DENIES** that motion as moot; Plaintiff may file a motion for judgment on the pleadings or for summary judgment (*see* Fed. R. Civ. P. 12(c), 56) and does not require leave of court for the act of filing the motion. The motion is also denied for failure to seek concurrence from the opposing

10

party.  The court does not purport to prejudge the merits of any

argument or defense in so ordering.

Because Defendant Reyes remains, this is not a final order and

does not close the case.

**SO ORDERED**.

Date: June 2, 2026                               s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge

11